DECISION AND JOURNAL ENTRY
Appellant, Vanessa L. Buffington, appeals her conviction in the Summit County Court of Common Pleas. We affirm.
Ms. Buffington was a close friend of Mr. Oncie Meadows, who was seventy-six years old and was approximately five feet, six inches tall and weighed approximately 129 pounds. Mr. Meadows had converted his dining room into a first-floor bedroom, so that he would not have to climb stairs as often.
On or about September 25, 1998, Ms. Buffington went to Mr. Meadows' house and borrowed twenty dollars from him for the stated purpose of buying dining room furniture. Instead, she used the money to purchase crack cocaine. After consuming the crack cocaine, Ms. Buffington returned to Mr. Meadows' home for breakfast. Mr. Meadows was uncharacteristically angry at Ms. Buffington because he suspected that she had lied to him about the use of the money. At one point, Mr. Meadows struck Ms. Buffington, which he had not previously done. Mr. Meadows then reached into a dresser drawer in his bedroom and began searching through it. Even though witnesses at trial testified that Mr. Meadows did not own a gun and never claimed to have one, Ms. Buffington became afraid when saw a black object in the drawer. She grabbed a cooking pot from the adjoining kitchen and began to bludgeon Mr. Meadows. After she stopped hitting him, she cried, hugged Mr. Meadows' body, and told him that she was sorry, as Mr. Meadows was her only friend.
On or about September 29, 1998, neighbors found Mr. Meadows' body lying on the floor in his bedroom. Dr. Marvin Platt, a medical examiner for Summit County, testified that Mr. Meadows had died from numerous blunt force injuries to his head. Dr. Platt also stated that Mr. Meadows had suffered defensive wounds to his right hand, shoulder, and elbow, which are consistent with someone trying to ward off or defend against a blow. Further, Dr. Platt found eight wounds on Mr. Meadows' head and determined that Mr. Meadows' skull was fractured. Officers of the City of Akron Police Department testified that blood was everywhere.
Detective Bertina King of the City of Akron Police Department interviewed Ms. Buffington on several occasions. Initially, Ms. Buffington denied any knowledge of the circumstances of Mr. Meadows' death; however, she later voluntarily admitted to having caused his death. During her taped confession, Ms. Buffington cried uncontrollably.
On October 22, 1998, the Summit County Grand Jury indicted Ms. Buffington on one count of murder, in violation of R.C.2903.02(A). A jury trial was held on May 18 and 19, 1999. The defense chose not to call any witnesses. Ms. Buffington requested an instruction on the lesser offense of voluntary manslaughter. Consequently, the trial court instructed the jury on both murder and voluntary manslaughter. In a verdict journalized on May 27, 1999, the jury found Ms. Buffington guilty of murder. She was sentenced accordingly. This appeal followed.
Appellant asserts one assignment of error:
 THE VERDICT OF GUILTY OF MURDER RATHER THAN VOLUNTARY MANSLAUGHTER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Ms. Buffington avers that her conviction for murder, pursuant to R.C. 2903.02(A), was against the manifest weight of the evidence. She claims that she "reflexively reacted to the extreme and unusual anger displayed by Mr. Meadows, as well as out of fear that he was reaching for a weapon just after having hit her." Thus, Ms. Buffington contends that there was no evidence presented at trial to support a finding that she acted with the specific intent to kill Mr. Meadows. Rather, she asserts that the evidence adduced at trial showed that she acted out of sudden passion or rage brought on by serious provocation by Mr. Meadows, which would be more consistent with a conviction for voluntary manslaughter. We disagree.
When a defendant asserts that her conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
To be convicted of murder, pursuant to R.C. 2903.02(A), the state must prove beyond a reasonable doubt that the defendant "purposely cause[d] the death of another[.]" R.C. 2903.02(A). The culpable mental state of "purposely" is defined as follows:
 [a] person acts purposely when it is h[er] specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is h[er] specific intention to engage in conduct of that nature.
R.C. 2901.22(A).
In the present case, we find that Ms. Buffington's conviction for murder is not against the manifest weight of the evidence. The evidence adduced at trial showed that Ms. Buffington repeatedly bludgeoned Mr. Meadows with a cooking pot, aiming numerous blows at his head. These repetitive blows caused severe head trauma and fractured his skull. Dr. Pratt, the Summit County Medical Examiner, opined that it took considerable force to fracture Mr. Meadows' skull in that manner. Furthermore, Mr. Meadows had defensive wounds on his right hand, shoulder, and elbow, which is consistent with someone attempting to protect oneself and ward off blows. Thus, after carefully reviewing the record, we conclude that the jury did not clearly lose its way and create a manifest miscarriage of justice in finding that Ms. Buffington acted with the specific intent to kill Mr. Meadows. Accordingly, Ms. Buffington's assignment of error is overruled.
Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
BAIRD, J. and WHITMORE, J. CONCUR.